UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DUJUAN O'NEAL,

        Plaintiff,

v.

UNKNOWN JOHNSON et al.,

        Defendants.

_____/

Case No. 2:19-cv-32

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Churchhill.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan.

The events about which he complains occurred at that facility. Plaintiff sues the following URF officials: Correctional Officers (unknown) Johnson, (unknown) Lemmerman, (unknown) McKinney, and (unknown) Churchhill; and Prisoner Counselor (unknown) Winncott.

Plaintiff alleges that in 2018, he wrote two letters, one to the Warden and the second to the MDOC Director, complaining that Defendant Johnson had engaged in racist and discriminatory actions and that the facility was overcrowded. The two letters were removed from the outgoing mail by an unknown staff member. Defendant Johnson learned of the letters and, in retaliation, had Plaintiff moved from E-Unit (where he was a porter) to C-Unit. A few days before the move, several prisoners heard Defendant Johnson say, "Plaintiff has to be move[d] because he doesn't want to give the appearance of violating his civil rights, or as I like to call them 'NIGGER RIGHTS[.'"] (Compl., ECF No. 1, PageID.6.)

When Plaintiff arrived in C-Unit, Defendant Lemmerman stated, "You're the one who likes to call us racist. I read your little letters. I will show you racist." (Compl., ECF No. 1, PageID.6.) Plaintiff filed 14 or more grievances thereafter, trying to correct the problem. On September 16, 2018, Defendant McKinney loudly announced, "There go O'Neal the fuc*ing '*NIGGER PREDATOR*'. . . . 'Suc* my dic*, FAG!!'" Five days later, when Plaintiff asked Defendant Lemmerman if he could use the bathroom, Lemmerman responded, "You dumb-ass Nigger, your [sic] writing on my partner, do you think your dumb-ass gonna win this paper work. As long as you write grievances, we will be writing tickets and your stupid-ass will be on sanctions. I tore your sh*t up yesterday, and still haven't learned." (*Id.*, PageID.6-7.) Lemmerman then told Plaintiff that he was writing a misconduct charge against Plaintiff for having items on his desk. When Plaintiff went to the dining hall, he was pulled from the line and told that Defendant Lemmerman had ordered him back to his unit. As he approached the chowhall desk, Lt. Pawley asked Plaintiff what was going on. Plaintiff explained the entire background.

2

Plaintiff wrote another grievance, complaining about the destruction of his personal and legal property by Defendants Lemmerman and McKinney. Defendant Winncott told Plaintiff that he should give up the affidavits referred to in Plaintiff's grievances. Plaintiff refused. Defendant Pawley came into the unit to address the issues Plaintiff had raised with him. When Pawley left the unit, Defendant Winncott asked Plaintiff what he had expected to come from his complaints to supervisory personnel. Winncott then stated, "Now you just got your stupid black-ass another ticket." (*Id.*, PageID.7.) Winncott told Plaintiff he was writing Plaintiff a ticket for filing the complaints.

Defendants Lemmerman and McKinney then conspired to write a false Class-I misconduct ticket against Plaintiff for possessing contraband. Plaintiff was never heard on the misconduct charge.

Plaintiff alleges that Defendants violated his First Amendment rights by retaliating against him for filing grievances and complaints. For relief, he seeks declaratory and injunctive relief, together with compensatory damages.

II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*,

No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Churchhill in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court therefore will dismiss Plaintiff's complaint against Defendant Churchhill.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Churchhill will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's claims against Defendants Johnson, Lemmerman, McKinney, and Winncott remain in the case.

An order consistent with this opinion will be entered.


Dated: March 4, 2019                                /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE