# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

_____

DUJUAN O'NEAL #203912,

    Plaintiff,

v.

THOMAS JOHNSON, et al.,

    Defendants.

_____/

Case No. 2:19-CV-32

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 27, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R.) recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (ECF No. 32.) The deadline to object to the R. & R. was February 10, 2020. Plaintiff filed untimely objections—postmarked February 13, 2020. (ECF No. 33.) Although untimely, the Court will consider the objections.

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

On August 6, 2019, Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Plaintiff did not file a response until November 1, 2019. In his 4-page response, Plaintiff argued that Defendants failed to meet their burden to show that he did not exhaust his administrative remedies. He alleged that some grievances were not processed. He also requested copies of the grievance policy and his grievances despite those documents being attached as exhibits to Defendants' motion. Plaintiff, however, did not submit any admissible evidence or make any allegation under the penalty of perjury.

On January 27, 2020, U.S. Magistrate Judge Maarten Vermaat issued a thorough 19-page R. & R. Magistrate Judge Vermaat carefully evaluated eight grievances—which included both rejected and denied grievances—and three misconduct reports. After reviewing the grievances and misconduct reports, Judge Vermaat recommended that the Court find that Plaintiff properly exhausted only one claim—the retaliation claim against Defendant Lemmerman for events occurring on September 29, 2018

In his untimely objections to the R. & R., Plaintiff makes several new arguments and submits over 40 pages of exhibits.[1] For example, Plaintiff now asks that the Court consider whether the grievance coordinator's rejections of some of the grievances were clearly erroneous.[2] Similarly, Plaintiff now claims that he was unable to raise a retaliation defense in the misconduct hearings. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the

---

[1] The Court notes that some of the exhibits are grievances that were attached to Defendants' motion.
[2] In addition, the Court's review of the rejected grievances establishes that the rejections were not clearly erroneous. For example, it was not clearly erroneous to reject URF #18-09-2654-28c because it contains multiple unrelated issues (ECF No. 24-3 at PageID.146.) That rejection is further supported by Plaintiff's own admission at Step II in which he stated that he provided "background" at Step I that "was not being claimed." (*Id.* at PageID.143.)

magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]f the Court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments." *Kita v. Comm'r of Soc. Sec.*, 1:08-cv-446 2009 WL 1464252, at *2 (W.D. Mich. May 18, 2009) (citation omitted).

Next, in an attempt to show that MDOC employees prevented him from exhausting his administrative remedies, Plaintiff has now submitted a letter that he wrote to an MDOC employee concerning six missing grievances. (ECF No. 32-3.) According to Plaintiff, the letter establishes that he attempted to file six additional grievances but MDOC employees thwarted his attempts. This letter was not submitted in his initial response. Pursuant to 28 U.S.C. § 636(b)(1), the Court has discretion to consider evidentiary materials presented for the first time in objections to an R. & R. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009). Here, the Court will not be exercising that discretion because Plaintiff has not offered any explanation for why this letter was not included in his initial response. And although Plaintiff apparently requested additional grievance documents in his response brief, the letter makes clear that Plaintiff "retained" a copy of this letter at the time he sent it. (ECF No. 32-3 at PageID.261.) Thus, Plaintiff had this letter and chose not to include it in his summary judgment response.

**THEREFORE, IT IS HEREBY ORDERED** that the January 27, 2020, Report and Recommendation (ECF No. 32) is **approved** and **adopted** as the Opinion of the Court. Plaintiff's objections (ECF No. 33) are **overruled**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment is **GRANTED in part** and **DENIED in part** for the reasons set forth in the R. & R. Plaintiff's retaliation claims against Defendants Johnson, Wonnacott, and McKinney are **dismissed without**

3

**prejudice**. The case will proceed on Plaintiff's retaliation claim against Defendant Lemmerman for the events occurring on September 29, 2018.

Dated: February 26, 2020	/s/ Gordon J. Quist
	GORDON J. QUIST
	UNITED STATES DISTRICT JUDGE