UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DUJUAN O'NEAL #203912,

      Plaintiff,                                           Case No. 2:19-CV-32

v.                                                     HON. GORDON J. QUIST

JOHN LEMMERMAN,

      Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

      This is a civil rights action brought by state prisoner Dujuan O'Neal pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Maarten Vermaat has issued a Report and Recommendation (R & R), recommending that the Court deny Defendant's motion for summary judgment. (ECF No. 52.)  Defendant has filed an objection. (ECF No. 54.)  Upon receiving an objection to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R & R, the objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

      In the R & R, the magistrate judge determined that the only remaining claim in this case is a retaliation claim stemming from Defendant calling Plaintiff a "rat" on September 29, 2018. The magistrate judge denied Defendant's motion for summary judgment because a trier of fact

must resolve the issue of whether Defendant's statement constituted an adverse act. The same factual dispute prevented the magistrate judge from granting Defendant qualified immunity.

Defendant does not dispute that a question of fact exists as to whether he called Plaintiff a rat on September 29, 2018. His only objection is that it was not clearly established at the time that a prison official calling an inmate a rat in retaliation for the inmate exercising his constitutional rights violates the First Amendment.

The Sixth Circuit has "repeatedly recognized that if a prison officer 'retaliated against [a prisoner] for filing grievances,' the 'alleged conduct also comprises a violation of clearly established constitutional law.'" *Maben v. Thelen*, 887 F.3d 252, 269 (6th Cir. 2018) (quoting *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996)). With respect to whether labeling an inmate as a rat constitutes an adverse act, district courts in the Sixth Circuit have denied qualified immunity where the defendant called the inmate a rat in front of other inmates. See, e.g., *Ball v. Evers*, No. 19-10315, 2021 WL 3164273, at *9 (E.D. Mich. July 27, 2021) (holding that the defendant yelling at the plaintiff and accusing him of being a snitch as the plaintiff walked in the yard constituted an adverse action); *Aaron v. Tyluki*, 12-14866, 2013 WL 4670902, at *7 (E.D. Mich. Aug. 30, 2013) (holding that the plaintiff could prove at trial that the defendants calling him a "snitch" and a "rat" in front of other inmates was an adverse act); *Crum v. Wilkinson*, No. 04-CV-249, 2006 WL 64607, at *11 (S.D. Ohio Jan. 11, 2006) ("Labeling plaintiff a snitch in the presence of other inmates is certainly likely to deter a person of ordinary firmness from exercising the right at stake.").

Defendant argues that other courts have distinguished between an inmate snitching on other inmates and an inmate snitching on prison officials. *See Ford v. Kennerly*, No. 1:16-cv-243, 2016 WL 3049311 (W.D. Mich. May 31, 2016). In *Ford*, the plaintiff alleged that the

2

defendants violated his Eighth Amendment rights by calling him a "rat" or "snitch." *Id.* at *20. United States District Judge Janet T. Neff dismissed the claim on screening because the plaintiff failed to allege that he was ever in a position to fear for his safety. *Id.* Notably, the plaintiff did not allege that any other prisoner heard the statements. *Id.* In the instant case, however, Plaintiff and another inmate confirmed that other inmates heard Defendant call Plaintiff a rat.

Defendant also argues that the Sixth Circuit has drawn a distinction between words that "risked inciting" other prisoners to violence and "merely harmless name calling." *See Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (citing *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992 (2002)). At this stage, "[P]laintiff's evidentiary burden is merely to establish the factual basis for his claim that the retaliatory acts amounted to more than a de minimis injury." *Id.* Plaintiff has met his burden. He alleges that Defendant called him a rat multiple times and yelled it loud enough for other inmates to hear. It is well-established that labeling an inmate a rat or snitch in the prison setting can have serious consequences and differ from other offensive terms. *See Miller v. Leathers*, 913 F.2d 1085, 1088 n.* (4th Cir. 1990) ("It is impossible to minimize the possible consequences to a prisoner of being labelled a 'snitch.'") A reasonable prison official would have been aware that calling a prisoner a rat multiple times loud enough for other inmates to hear in retaliation for the inmate's exercising his First Amendment rights could give rise to constitutional liability.

**Accordingly, IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 52) is **adopted** as the Opinion of the Court.

4

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 45) is **denied** for the reasons set forth in the R & R.


Dated: August 16, 2021                           /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE